Samuel A. Spiegel, J.
This is an article 78 proceeding instituted by a lawyer representing landlords, for judgment directing the removal of all his landlord and tenant cases, both present and future, from the Civil Court of the City of New York, iCounty of Bronx, to the Supreme Court, Bronx County.
Petitioner criticizes the manner in which the various Judges of the Bronx Civil Court have been discharging their judicial functions in the courtroom, especially in regard to his cases, including the failure to secure a prompt and orderly trial.
It is clearly recognized that the Civil Court of the City of New York is the busiest court of its kind in the world. This is proven by the following statistics, showing the court’s annual intake:
1. 400,000 cases at law in contract and tort are commenced. More than 110,000 are noticed for trial and disposed of by the Judges of the court.
2. 500,000 summary proceedings are commenced. More than 25,000 are tried.
3. 70,000 small claim cases are tried or settled in four night courts and one day court.
4. 50,000 contested motions are decided in the motion parts.
5. 125,000 ex parte applications, judgment enforcement proceedings and pretrial dispositions are handled in the ex parte parts.
In addition, as a result of the combined efforts of Hon. Edward Thompson, Justice of the Supreme Court, the Admin *847 istrative Judge and the Judges of the court, with the co-operation of the nonjudicial personnel of the court and the members of the Bar, there has been a massive reduction in the backlog of over 100,000 cases, making it possible for new cases to be tried within a reasonable time.
In the County of Bronx for the year 1970, about 113,000 summary proceeding petitions were filed. Of these, about 12,000 appeared on the calendar for trial and all of them were disposed of by trial, or settlement, with the exception of about 800 eases which were adjourned. About 4,600 cases resulted in judgments after trial.
The success of the Civil Court of the City of New York in the disposition of cases and providing for early trials, has been widely praised and the court is serving as a model for other courts to emulate.
There may be instances, because of the volume of daily litigation, when cases, including landlord and tenant cases, cannot be reached for trial on the same day as scheduled. They are adjourned for this reason or because of some special and unusual circumstance. It is the rare case when a landlord and tenant matter is adjourned beyond a 10-day period.
Petitioner criticizes the lack of decorum in the courtroom. It can occur, but not often. When a landlord sues a large number of tenants, there is bound to be commotion in the courtroom. It goes without saying that some tenant’s groups become emotional and outraged at their landlords for various reasons.
Petitioner complains of delays in the trial of his cases. The fact remains that on March 24, 1971, a Judge was ready to try some 37 cases in which petitioner represented the landlord. He was not ready. The Judge agreed to hold those cases until 11:30 a.m. At 12:35 p.m., when petitioner still did not appear, those 37 cases were dismissed.
An- article 78 proceeding is not the appropriate method to challenge the manner in which Civil Court Judges exercise their discretion in handling cases (Matter of Kahn v. Backer, 21 A D 2d 171, 173; Matter of Bradford v. Aurelio, 9 A D 2d 891). Nor can it be considered as a petition for removal of a case from the Civil Court to the Supreme Court under section 19 of article VI of the State Constitution.
Under the first sentence of subdivision a of section 19, the Supreme Court may transfer an action in its court, except one over which it shall have exclusive jurisdiction, to any court within the judicial department, provided such court has *848 jurisdiction over the subject matter and class of persons named as parties. This provision is self-executing, but it is not applicable herein.
However, the latter part of subdivision a gives jurisdiction to the Supreme Court to transfer to itself an action pending in another court in the same department except Court of Claims, if provided by law. This requires legislative implementation.
CPLR 325, the implementing statute provides instances for removal of an action from the lower court to the Supreme Court. But it contains no provision for such removal for the reasons advanced by petitioner.
Under subdivision b of section 15 of article VI of the New York State Constitution, the Civil Court of the City of New York has jurisdiction, inter alia, over summary proceedings to recover possession of real property (see Real Property Actions and Proceedings Law, § 751; CCA, § 204). That is the appropriate forum for the trial of landlord and tenant cases.
There is no warrant in law to give petitioner preferential treatment in the trial of cases on behalf of his clients in landlord-tenant matters.
The petition is dismissed.